UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In the matter of:

David Lewi-Emmanuel Stockman

Debtor.
______________________________/

Case No. 26-20982-dob
Chapter 7
Hon. Daniel S. Opperman

Michigan Institute of Forensic Science & Medicine, P.C. Plaintiff/Counter-Defendant,

vs.

Case No. 26-2044-dob

Russell L. Bush, M.D., MPH,
Defendant/Counter-Claimant,
and

David L. Stockman, M.D.
Counter-Defendant
______________________________/

**Answer to Adversary Complaint (Doc 387)**

NOW COMES Creditor, Russell Bush, M.D., and in Response to the Removal Notice of Saginaw County Circuit Court Case 21-046093-CB-3 states as follows:

1. Denied as stated as untrue. The parties to the underlying case are Russell Bush, MD, as Plaintiff, and David Stockman and his corporation, MIFSM, as Defendants. Russell Buch, MD, is alleged by David Stockman in litigation to be a 5% owner of MIFSM. The

Corporation, by Stockman's own words, is not wholly owned by him. This creates a question as to the appropriateness of removing the entire case, as MIFSM is not otherwise involved in the bankruptcy, and is an "extra" non-creditor party, not otherwise entitled to the removal. The removal should be negated for this reason.

2. Denied as stated as incomplete. MIFSM, as a solo Plaintiff, started this litigation in its own name against Saginaw County and Russell Bush, MD. After extensive discovery the case by MIFSM was dismissed by the Court for egregious violations of discovery by David Stockman as principal owner. Along the way Saginaw County settled its case for a nominal sum. And Russell Bush, MD, filed a counter suit against MISFM and a Third-Party Complaint, individually, against David Stockman. The Arbitration Award was awarded against both defendants. The Award is awaiting Entry of Judgment in the Circuit Court. Pursuant to the doctrine of Res Judicata, this Award should be considered binding on all factual findings in the Award and all determinations made by the Arbitrator, including the findings of all of the damages awarded being the legal result of the intentional acts of David Stockman against Dr. Bush, all conducted with "malice."

3. Denied as stated as being untrue. This removal concerns Bush's claims against both David Stockman and the corporation, MIFSM. (See the attached Award documents, Exhibit A.) Thus, the bankruptcy Court

has no current and pending authority over MIFSM, and allowing the Removal to split the pending Awards against two separate Defendants would not be a proper exercise of Judicial Economy. The Court should remand the matter to the Circuit Court.

4. Neither admitted nor denied as to whether Trustee Sweet recommended this removal to Debtor Stockman, or even whether Trustee Sweet was in complete possession of the full knowledge of the parties to the Awards prior to the Removal.

5. Admitted that the claim of Creditor Bush was filed as alleged, as to the remainder, neither admitted nor denied.

6. Denied as stated, the Creditor reasserting that the removal is wrongful as it inadvertently brings a non-party Debtor into this bankruptcy. In addition, it was not timely filed either following the Original Chapter 11 filing, nor the conversion to Chapter 7.

7. Denied as stated as incomplete and misleading to the Court. The removal completely ignores the fact that it inadvertently drags the Creditors' Claims against MIFSM into this Court.

8. Denied as stated as untrue and incomplete. The underlying action is fully "tried." The Award has been rendered. Both Defendants have been found to act with "malice" and "intent." Thus, contrary to the allegations, this Removal does in fact seek adjudication "beyond the

Court's lawful authority," as MISFM is an inappropriate party in this bankruptcy setting.

9. The Creditor does not consent to this Court's entry of final Orders and/or Judgment on its claims against MIFSM.

10. Denied as States, the Creditor asserting that this Removal by Debtor Stockman as to the claims against him is untimely, and further that the apparent Removal of the claims against MISFM is wrongful, and must be reversed.

11. Denied, the Order Denying Doc 329 was entered by the Court on October 21, 2026. Neither admitted nor Denied what it is the Debtor is "relying on."

12. Denied as state as being untrue and incomplete as the allegation regard the Creditor's claims against MIFSM.

13. The Creditor is pleased the Debtor no-longer asserts that there is no signed Arbitration Award in this matter. The amounts stated are accurate. The Debtor leaves out that he and the corporation were found to act with actual malice and intent.

14. Admitted. The Award was rendered following a hearing in this matter in January of 2025. No rule stops the addition of interest upon the Award merely because the Debtor wrongfully filed bankruptcies and wrongful Federal Removals of the Circuit Court Case effectively delaying the Entry of Judgment for nearly two years as of this date.

15. Admitted as true, though the Creditor asserts these factors are irrelevant.
16. The Motion for Stay has been denied in relevant part. The remainder of the relief sought should be denied and the case Remanded to the Saginaw Circuit.
17. Denied as stated as being untrue.
18. Denied as stated as being untrue as the Creditor's Motion for Stay has been denied in relevant part.
19. Denied as stated as being untrue as the Creditor's Motion for Stay has been denied in relevant part.
20. Denied as untrue and incomplete. The request for Removal as to debtor Stockman, as it asserts "readiness for trial" and "judicial economy," is not made in earnest, as the trail of the matter is already concluded and there is no more economy to effectuate other than to obtain the entry of Judgment. The Creditor re-emphasizes that the removal as to MIFSM effectuates neither trial readiness nor judicial economy.
21. The Creditor asserts that neither of the quoted cases directly impacts the Removal of this matter, particularly as to MIFSM.
22. The Creditor points out that Claim 18-1 applies only to David Stockman and not MIFSM, thus the Creditor denies the allegations as made.

23. The Creditor points out that Claim 18-1 applies only to David Stockman and not MIFSM, thus the Creditor denies the allegations as made.

24. The Creditor points out that Claim 18-1 applies only to David Stockman and not MIFSM, thus the Creditor denies the allegations as made.

25. The Creditor is relying on the representation of the Debtor that he will fully supply to this Court the record below as required by Fed. R. Bankr. 9027. If the Court requires anything directly from the Creditor, the Creditor will happily comply.

26. The Notice was timely received. No further answer is required.

Wherefore, The Creditor prays for relief from the Court in the form of a Remand of the entire, and if not that is not acceptable to the Court, a remand of the matter as it relates to MIFSM.

## ARGUMENT

The entirety of the Debtor's assertion that this matter should be removed from the Circuit Court is specious. The factual determinations in the case are now concluded, and under Res Judicata, there is nothing more to do for this Court, or any other Court, making the removal moot.

FED. R. BANKR. P. 9027(c) notes that after a proper removal, "[t]he parties must proceed no further in the Court from which the claim or cause of action was removed, unless it is remanded." Although Dr. Bush reserves all rights and remedies as it relates to opposing the Removal, as a practical and

procedural matter, the State Court Action is stayed, and any relief requested by the Debtor in this Court is moot.

Moreover, the Debtor's removal adds an unrelated and uninvolved corporation into the bankruptcy, and corporation which, by the Debtor's own words and assertions, is owned partly by Dr. Bush. This make the Removal wrongful. (See, e.g., In re Tamarack Dev. Assocs., LLC, 611 B.R. 286, 295 (Bankr. W.D. Mich. 2020) (Boyd, J.) ("[T]he automatic stay is primarily designed to protect the debtor and the bankruptcy estate, and its protections do not often extend directly to non-debtor third parties"); In re Nashville Album Prods., Inc., 33 B.R. 123, 124 (M.D. Tenn. 1983) (Nixon, J.) ("Section 362 only stays actions against the debtor or actions seeking to obtain property of the estate"); Parry v. Mohawk Motors of Michigan, Inc., 236 F.3d 299, 314 (6th Cir. 2000) (cleaned-up) ("[T]he stay does not extend to separate legal entities such as corporate affiliates, partners in debtor partnerships, or to codefendants in pending litigation"); Patton v. Bearden, 8 F.3d 343, 349 (6th Cir. 1993) (citing 2 Collier on Bankruptcy, ¶ 362.04) (cleaned up) (the automatic stay "does not extend . . . to separate legal entities such as corporate affiliates, partners in debtor partnerships or to codefendants in pending litigation").2 But the Court need not rule on that issue because Stockman's Removal is moot.

Respectfully submitted,

GARSKE HEWITT & RODENBO, PLC

/s/ Stephan M. Gaus

Stephan M. Gaus (P28943)
Attorney for Plaintiff Russell L. Bush, M.D.
708 S. Euclid Avenue
Bay City, MI 48706
(989) 355-0100
gaus@ghr.law

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In the matter of:

| | |
|---|---|
| David Lewi-Emmanuel Stockman<br><br>Debtor.<br>_______________________________/ | Case No. 26-20982-dob<br>Chapter 7<br>Hon. Daniel S. Opperman |
| Michigan Institute of Forensic Science & Medicine, P.C. Plaintiff/Counter-Defendant, | |
| vs. | Case No. 26-2044-dob |
| Russell L. Bush, M.D., MPH,<br>Defendant/Counter-Claimant,<br>and | |
| David L. Stockman, M.D.<br>Counter-Defendant<br>_______________________________/ | |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I served a copy upon the following pro se party by electronic mail:

David Lewi-Emmanuel Stockman
5805 McCarty Road
Saginaw, MI 48603
dstockma4@icloud.com

/s/ Stephan Gaus
Stephan Gaus